IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br><br><br>vs.<br><br><br><br>JOHN RAY CARTER,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br><br><br>Case No. 2:02-CR-28 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release. The Court has consulted with the probation office and reviewed a Supervision Summary. The probation office is not opposed to the Motion. The government has not filed an objection.

BACKGROUND

On June 25, 2002, Defendant pleaded guilty to Possession of a Firearm and Ammunition by an Unlawful User or Person Addicted to a Controlled Substance. Defendant was sentenced on September 9, 2002, to 18 months custody followed by 36 months supervised release and was ordered to pay a $100 special assessment fee.

1

Judgment was entered on September 16, 2002. Defendant was released from the custody of the Bureau of Prisons on September 15, 2004, and began his 36-month term of supervised release on the same day.

## DISCUSSION

If a defendant has completed at least one year of supervised release, § 3583(e) permits the Court to terminate supervised release prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.[1] In making this determination, the Court must consider many of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[2]

The Court has considered these factors, has reviewed the docket and case file, and has consulted with Defendant's supervising probation officer and reviewed a Supervision Summary. The Court finds as follows: Defendant has been fully compliant with all the terms of his supervised release and directives of the probation office. He has maintained full-time employment, completed substance abuse treatment, has undergone periodic testing, and has had no violations. In addition, he has satisfied the financial obligations imposed by the Sentence. The probation office is not opposed to the early termination of supervision and discharge of supervised release.

The government's attorney has been notified, has had a reasonable opportunity to

---

[1] 18 U.S.C. § 3583(e).

[2] *Id*. (directing that the court consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

object, and will not file an objection. Accordingly, no hearing is required.[3]

Based on these findings and on consideration of the applicable § 3553(a) factors, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and is in the interest of justice.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 28) is GRANTED; it is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

SO ORDERED.

DATED this 1st day of November, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] Fed. R. Crim. P. 32.1(c) (hearing required to modify conditions of supervised release unless the relief sought is favorable to defendant, does not extend the term of his supervised release, and "an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.").